U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED

AUG 0 1 2007

ROBERT H. SHEMWELL, CLERK
BY_____
        DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | CRIMINAL NO. 07-10018-01-03 |
| | * | 18 U.S.C. § 371 |
| | * | 18 U.S.C. § 1341 and 2 |
| VERSUS | * | 18 U.S.C. § 1001 |
| | * | 18 U.S.C. § 1503 |
| | * | 18 U.S.C. § 982(a)(2) |
| | * | |
| WILLIAM O. BELT | * | JUDGE DRELL |
| TRACY BRYANT BELT | * | MAGISTRATE JUDGE |
| JULIE ANN BERNARD | | |

# INDICTMENT

THE GRAND JURY CHARGES:

## COUNT 1
## Conspiracy
## 18 U.S.C. § 371

A.  **INTRODUCTION**

AT ALL TIMES MATERIAL HEREIN:

1. WILLIAM O. BELT was the elected Sheriff for Avoyelles Parish and a "public officer," "public employee," or "person in a position of public authority" as defined under Louisiana Law.

2. Louisiana Revised Statutes Title 14, Section 118, makes it a crime for a Sheriff to accept or offer to accept, directly or indirectly, anything of apparent present or prospective value with the intent to corruptly influence his conduct in relation to his position, employment, or duty.

3. Louisiana Revised Statutes Title 14, Section 120, makes it a crime for a Sheriff to accept or offer to accept, directly or indirectly, anything of apparent present or prospective value with the intent to influence his conduct in relation to his position, employment, or duty.

4. Louisiana Revised Statutes Title 42, Section 1112(A), prohibits a Sheriff from participating in a transaction in which he has a personal substantial economic interest of which he may be reasonably expected to know involves the Sheriff's Office.

5.  Louisiana Revised Statutes Title 42, Section 1112(B), prohibits a Sheriff from participating in a transaction involving the Sheriff's Office in which he knows any member of his immediate family has a personal substantial economic interest.

B.  CONSPIRACY

From on or about October 1, 1988, and continuing until the present time, in the Western District of Louisiana and elsewhere, the Defendants, WILLIAM O. BELT, TRACY BRYANT BELT, and JULIE ANN BERNARD, and others, both known and unknown to the Grand Jury, knowingly and willfully did conspire, confederate and agree together with each other to commit an offense or offenses against the United States of America, to wit: Title 18, United States Code, Section 1341, that is to use the mails and interstate carriers for the purpose of executing the scheme and artifice they devised to defraud the citizens of Avoyelles Parish of the honest and faithful services of their Sheriff.

C.  OBJECT OF THE CONSPIRACY

The primary object of the conspiracy was to promote and cover up the receipt of proceeds, directly and indirectly, by the Defendant, WILLIAM O. BELT, and members of his family, from the operation of phone services provided at jails operated by the Avoyelles Parish Sheriff's Office. It was part of the conspiracy that, in exchange for authorizing, as Sheriff of Avoyelles Parish, the operation of certain phone services at the jails operated by the Avoyelles Parish Sheriff's Office, the Defendants, WILLIAM O. BELT and TRACY BRYANT BELT, along with other family members, would receive proceeds from the operation of those phones. It was also part of the conspiracy that businesses the Defendant, WILLIAM O. BELT, had an interest in would receive proceeds from the operation of phones at jails operated by the Avoyelles Parish Sheriff's Office.

D.  OVERT ACTS

In furtherance of the conspiracy and to effect the object thereof, the Defendants performed or caused to be performed the following overt acts, among others, in the Western District of Louisiana, and elsewhere:

The allegations contained in Counts 2 through 11 of this Indictment are alleged and incorporated as though fully set forth herein as separate overt acts.

The conspiracy set forth herein and the above-described overt acts, all being in violation of Title 18, United States Code, Section 371. [18 U.S.C §371]

COUNT 2
Mail Fraud
18 U.S.C. §§ 1341 and 2

The allegations of Count 1, paragraphs A, B and C, are re-alleged and incorporated by reference as though set forth in full herein as the scheme to defraud.

On or about August 2, 2002, in the Western District of Louisiana, the Defendants, WILLIAM O. BELT and TRACY BRYANT BELT, for the purpose of executing the aforesaid scheme and artifice to defraud and attempting to do so, did knowingly cause to be sent and delivered by the United States Postal Service or commercial interstate carrier, according to the directions thereon, an envelope containing a check made out to Cajun Callers to Marksville, Louisiana, all in violation of Title 18, United States Code, Sections 1341 and 2. [18 U.S.C. §§ 1341 and 2].

COUNT 3
Mail Fraud
18 U.S.C. §§ 1341 and 2

The allegations of Count 1, paragraphs A, B and C, are re-alleged and incorporated by reference as though set forth in full herein as the scheme to defraud.

On or about September 6, 2002, in the Western District of Louisiana, the Defendants, WILLIAM O. BELT and TRACY BRYANT BELT, for the purpose of executing the aforesaid scheme and artifice to defraud and attempting to do so, did knowingly cause to be sent and delivered by the United States Postal Service or commercial interstate carrier, according to the directions thereon, an envelope containing a check made out to Cajun Callers to Marksville, Louisiana, all in violation of Title 18, United States Code, Sections 1341 and 2. [18 U.S.C. §§ 1341 and 2].

COUNT 4
Mail Fraud
18 U.S.C. §§ 1341 and 2

The allegations of Count 1, paragraphs A, B and C, are re-alleged and incorporated by reference as though set forth in full herein as the scheme to defraud.

On or about October 7, 2002, in the Western District of Louisiana, the Defendants, WILLIAM O. BELT and TRACY BRYANT BELT, for the purpose of executing the aforesaid scheme and artifice to defraud and attempting to do so, did knowingly cause to be sent and delivered by the United States Postal Service or commercial interstate carrier, according to the directions thereon, an envelope containing a check made out to Cajun Callers to Marksville, Louisiana, all in violation of Title 18, United States Code, Sections 1341 and 2. [18 U.S.C. §§ 1341 and 2].

COUNT 5
Mail Fraud
18 U.S.C. §§ 1341 and 2

The allegations of Count 1, paragraphs A, B and C, are re-alleged and incorporated by reference as though set forth in full herein as the scheme to defraud.

On or about November 1, 2002, in the Western District of Louisiana, the Defendants, WILLIAM O. BELT and TRACY BRYANT BELT, for the purpose of executing the aforesaid scheme and artifice to defraud and attempting to do so, did knowingly cause to be sent and delivered by the United States Postal Service or commercial interstate carrier, according to the directions thereon, an envelope containing a check made out to Cajun Callers to Marksville, Louisiana, all in violation of Title 18, United States Code, Sections 1341 and 2. [18 U.S.C. §§ 1341 and 2].

COUNT 6
Mail Fraud
18 U.S.C. §§ 1341 and 2

The allegations of Count 1, paragraphs A, B and C, are re-alleged and incorporated by reference as though set forth in full herein as the scheme to defraud.

On or about January 15, 2003, in the Western District of Louisiana, the Defendants, WILLIAM O. BELT and TRACY BRYANT BELT, for the purpose of executing the aforesaid scheme and artifice to defraud and attempting to do so, did knowingly cause to be sent and delivered by the United States Postal Service or commercial interstate carrier, according to the directions thereon, an envelope containing a check made out to Infinity Communications to Marksville, Louisiana, all in violation of Title 18, United States Code, Sections 1341 and 2. [18 U.S.C. §§ 1341 and 2].

### COUNT 7
### Mail Fraud
### 18 U.S.C. §§ 1341 and 2

The allegations of Count 1, paragraphs A, B and C, are re-alleged and incorporated by reference as though set forth in full herein as the scheme to defraud.

On or about January 6, 2004, in the Western District of Louisiana, the Defendants, WILLIAM O. BELT and TRACY BRYANT BELT, for the purpose of executing the aforesaid scheme and artifice to defraud and attempting to do so, did knowingly cause to be sent and delivered by the United States Postal Service or commercial interstate carrier, according to the directions thereon, an envelope containing a check made out to Infinity Communications to Marksville, Louisiana, all in violation of Title 18, United States Code, Sections 1341 and 2. [18 U.S.C. §§ 1341 and 2].

### COUNT 8
### Mail Fraud
### 18 U.S.C. §§ 1341 and 2

The allegations of Count 1, paragraphs A, B and C, are re-alleged and incorporated by reference as though set forth in full herein as the scheme to defraud.

On or about April 26, 2006 in the Western District of Louisiana, the Defendants, WILLIAM O. BELT and TRACY BRYANT BELT, for the purpose of executing the aforesaid scheme and artifice to defraud and attempting to do so, did knowingly cause to be sent and delivered by the United States Postal Service or commercial interstate carrier, according to the directions thereon, an

envelope containing a check made out to Infinity Communications to Marksville, Louisiana, all in violation of Title 18, United States Code, Sections 1341 and 2. [18 U.S.C. §§ 1341 and 2].

## COUNT 9
### Mail Fraud
### 18 U.S.C. §§ 1341 and 2

The allegations of Count 1, paragraphs A, B and C, are re-alleged and incorporated by reference as though set forth in full herein as the scheme to defraud.

On or about May 30, 2006, in the Western District of Louisiana, the Defendants, WILLIAM O. BELT and TRACY BRYANT BELT, for the purpose of executing the aforesaid scheme and artifice to defraud and attempting to do so, did knowingly cause to be sent and delivered by the United States Postal Service or commercial interstate carrier, according to the directions thereon, an envelope containing a check made out to Infinity Communications to Marksville, Louisiana, all in violation of Title 18, United States Code, Sections 1341 and 2. [18 U.S.C. §§ 1341 and 2].

## COUNT 10
### False Statement
### 18 U.S.C. § 1001

On or about October 11, 2005, in the Western District of Louisiana, the Defendant, JULIE ANN BERNARD, did knowingly and intentionally make a false statement and representation of material facts in a matter within the jurisdiction of the Federal Bureau of Investigation, an agency of the United States, in that she represented in a statement to a Special Agent of the Federal Bureau of Investigation, with intent to mislead the Federal Bureau of Investigation, that she never issued or signed a check for a company called Cajun Callers, when in truth and in fact the Defendant knew such statement and representation was false.

All in violation of Title 18 United States Code, Section 1001. [18 U.S.C. §1001].

COUNT 11
Obstruction of Justice
18 U.S.C. § 1503

That on or about November 16, 2005, in the Western District of Louisiana, the Defendant, JULIE ANN BERNARD, did knowingly and corruptly endeavor to influence, obstruct and impede the due administration of justice in a Grand Jury for the Western District of Louisiana by falsely asserting that, other than signing a signature card, she had no involvement with a company called Cajun Callers and no memory of signing any checks or performing any other activity on the checking account of Cajun Callers, when, as the Defendant, JULIE ANN BERNARD, well knew she was involved in issuing checks on the Cajun Caller account for over a year and a half.

All in violation of Title 18, United States Code, Section 1503 (18 U.S.C.§1503).


COUNT 12
Forfeiture
18 U.S.C. § 982(a)(2)

A.  The allegations in Count 1 through 9 are re-alleged and incorporated by reference for the purpose of alleging forfeiture, pursuant to the provisions of Title 18, United States Code, Section 982 (a)(2).

B.  Upon conviction of the offenses alleged in Counts 1 through 9 of this Indictment, the Defendants, WILLIAM O. BELT and TRACY BRYANT, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 982, any property constituting or derived from proceeds the Defendants obtained directly or indirectly as the result of said violations.

C.  If any of the property described above as being subject to forfeiture as a result of any act or omission of the Defendants:

    1.    cannot be located upon the exercise of due diligence;

    2.    has been transferred or sold to or deposited with a third person;

    3.    has been placed beyond the jurisdiction of the Court;

    4.    has been substantially diminished in value; or

5. has been commingled with other property which cannot be subdivided without difficulty,

it is the intent of the United States, pursuant to Title 18, United States Code, Section 982 (b)(1) and Title 21 United States Code, Section 853(p), to seek forfeiture of any other property of the Defendants, up to the value of the property subject to forfeiture.

All in accordance with Title 18, United States Code, Section 982 and Rule 32.2(a), Federal Rules of Criminal Procedure.

A TRUE BILL:


DONALD W. WASHINGTON
United States Attorney

*(signature)*

JOSEPH G. JARZABEK (#7240)
Assistant United States Attorney
300 Fannin Street, Suite 3201
Shreveport, LA 71101-3088
Telephone: 318-676-3600