RECEIVED
IN ALEXANDRIA, LA.
SEP 28 2010
TONY R. MOORE, CLERK
BY_____ DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL NO. 07-10018 |
| -vs- | JUDGE DRELL |
| WILLIAM O. BELT (01),<br>TRACY BRYANT BELT (02), and<br>JULIE ANN BERNARD (03) | MAGISTRATE JUDGE KIRK |

## RULING AND ORDER

Before the Court is the "Motion to Dismiss Duplicitous Indictment" filed by Defendant Tracy Belt (Document No. 75) and adopted by Defendant William O. Belt ("Bill Belt") (Document Nos. 77 and 101.) Through this motion, Defendants seek to dismiss Count 1 of the indictment, the conspiracy count, on the grounds that it impermissibly charges two separate conspiracies. The Government has filed a response to the motion (Document No. 90), and the matter has been submitted on briefs. (Document No. 99.)

In the indictment filed August 1, 2007, Bill Belt, Tracy Belt, and Julie Ann Bernard ("Julie Bernard") are charged with one count of conspiracy in violation of 18 U.S.C. § 371 (Count 1). Bill and Tracy Belt are also charged with seven counts of "honest services" mail fraud under 18 U.S.C. §§ 1341 and 2 (Counts 2 - 9) and one count of criminal forfeiture in violation of 18 U.S.C. § 982(a)(2) (Count 12). Additionally, Julie Bernard is charged with one count of making a false statement under 18 U.S.C. § 1001 (Count 10) and one count of obstruction of justice in violation of 18 U.S.C. § 1503 (Count 11).

(Document No. 2.) All three defendants entered pleas of not guilty when they appeared before Magistrate Judge James D. Kirk on August 22, 2007, and they were released on personal recognizance. (Document No. 15.) This matter is fixed for a fourteen-day jury trial beginning October 12, 2010. (Document No. 104.)

Movers' argument in support of the motion is summarized as follows:

> Counts 10 and 11 alleged false statements and obstruction of justice by Julie Bernard. However, neither the false statements nor obstruction of justice were objects of the conspiracy alleged in Count 1. Moreover, there is no evidence or indication that Tracy Belt or Bill Belt planned, discussed, or participated in the alleged false statements or obstruction of justice alleged in Counts 10 and 11. Furthermore, there is no mention of Julie Bernard in Counts 2-9 of the indictment. Rather, Count 1 incorporated Counts 10 and 11 as overt acts against Julie Bernard to somehow link Ms. Bernard to the conspiracy.

(Document No. 75-1, pp. 1-2.)

## LAW AND ANALYSIS

Fed. R. Crim. P. 7(c)(1), which address the appropriate nature and contents of an indictment, provides, in pertinent part:

> The indictment . . . must be a plain, concise, and definite written statement of the essential facts constituting the offense charged and must be signed by an attorney for the government. It need not contain a formal introduction or conclusion. A count may incorporate by reference an allegation made in another count. A count may allege that the means by which the defendant committed the offense are unknown or that the defendant committed it by one or more specified means. For each count, the indictment . . . must give the official or customary citation of the statute, rule, regulation, or other provision of law that the defendant is alleged to have violated.

In addressing how to determine whether an indictment is duplicitous, the Fifth Circuit has explained:

> "Duplicity is the joining in a single count of two or more distinct and separate offenses." United States v. Starks, 515 F.2d 112, 116 (3d Cir. 1975). As to determining whether an indictment charges separate conspiracies or a single conspiracy, this Court considers "whether the alleged facts reveal a 'substantial identity of facts or participants' . . . ." United States v. Metz, 608 F.2d 147, 152 (5th Cir. 1979), cert. denied, 449 U.S. 821, 101 S. Ct. 80, 66 L. Ed. 2d 24 (1980) (applying Fed.R.Crim.P. 8(b)).[1] In Metz, this Court found a single conspiracy in that "the indictment adequately show[ed] a singular conspiratorial objective: a large-scale narcotics transaction." Id. at 153. The Court observed that the fact "that the indictment did not charge appellants with active participation in each phase of the conspiracy does not effect misjoinder." Id.

United States v. Acosta, 763 F.2d 671, 696 (5th Cir. 1985).

Judge Barksdale, writing for the court in United States v. Lokey, 945 F.2d 825, 833 (5th Cir. 1991), stated:

> This circuit, in distinguishing between a single conspiracy and multiple conspiracies, has focused on the following elements: "(1) the time period involved; (2) the persons acting as co-conspirators; (3) the statutory offenses charged in the indictment; (4) the nature and scope of the criminal activity; and (5) the places where the events alleged as the conspiracy took place." United States v. Devine, 934 F.2d 1325, 1333 (5th Cir. 1991) (citing United States v. Tammaro, 636 F.2d 100, 103 (5th Cir. 1981)).

Applying these factors to the case at bar, we note the false statement and obstruction by Julie Bernard are alleged to have occurred in October and November of 2005, directly within the time period of the improper mailings, which were purportedly made between August 2002 and May 2006. Additionally, Julie Bernard's false statements are alleged to concern her involvement, or lack thereof, with Cajun Callers, the company to whom the checks mentioned in Counts 2-5 of the indictment were made

---

[1] Joinder of defendants is addressed by Fed. R. Crim. P. 8(b), which states:

The indictment or information may charge 2 or more defendants if they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses. The defendants may be charged in one or more counts together or separately. All defendants need not be charged in each count.

payable. Additionally, the nature and scope of the criminal activity is not only centered around the procuration and receipt of the proceeds, but also the concealment of those activities. (Document No. 2, p. 2.)

As the Government properly points out in its brief, the cover-up is an integral part of the scheme here, much like the situation in United States v. Mann, 161 F.3d 840 (5th Cir. 1998). In that case, the appellate court recognized,

> [I]n some cases the successful accomplishment of the crime necessitates concealment. Later cases have recognized that acts of concealment are in furtherance of the conspiracy for limitations purposes where the nature of the conspiracy is such that concealment is part of or in furtherance of the main objectives of the conspiracy. We have recognized that acts of concealment are part of the central conspiracy itself where the purpose of the main conspiracy ... by its very nature, called for concealment.

Id. at 859. (Internal quotations and citations omitted.)

For these reasons, we find Count 1 charges only a single conspiracy and is not duplicitous. Therefore, Tracy Belt's "Motion to Dismiss Duplicitous Indictment" (Document No. 75), as adopted by Bill Belt (Document Nos. 77 and 101) is DENIED.

SIGNED on this 28 day of September, 2010 at Alexandria, Louisiana.

                                                DEE D. DRELL
                                     UNITED STATES DISTRICT JUDGE