

RECEIVED
USDC, WESTERN DISTRICT OF LA.
TONY R. MOORE, CLERK
DATE _____
BY _____

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| UNITED STATES OF AMERICA | CRIMINAL NO. 07-10018 |
|---|---|
| -vs- | JUDGE DRELL |
| WILLIAM O. BELT (01),<br>TRACY BRYANT BELT (02), and<br>JULIE ANN BERNARD (03) | MAGISTRATE JUDGE KIRK |

## RULING AND ORDER

Before the Court is the "Motion to Strike Surplusage" filed by Defendant William O. Belt ("Bill Belt") (Document No. 92) and adopted by Defendant Tracy Bryant Belt ("Tracy Belt") (Document No. 96). Through this motion, Defendants seek "to strike all references to the Louisiana Code of Ethics and its various provisions from the Indictment," on the grounds that those references are "unnecessary and prejudicial language, which can do nothing more than inflame the jury, confuse the issues and blur the elements which the Government must prove beyond a reasonable doubt." (Document No. 92, p. 3.)

In the indictment filed August 1, 2007, Bill Belt, Tracy Belt, and Julie Ann Bernard ("Julie Bernard") are charged with one count of conspiracy in violation of 18 U.S.C. § 371 (Count 1). Bill and Tracy Belt are also charged with seven counts of "honest services" mail fraud under 18 U.S.C. §§ 1341 and 2 (Counts 2 - 9) and one count of criminal forfeiture in violation of 18 U.S.C. § 982(a)(2) (Count 12). Additionally, Julie Bernard is

charged with one count of making a false statement under 18 U.S.C. § 1001 (Count 10) and one count of obstruction of justice in violation of 18 U.S.C. § 1503 (Count 11). (Document No. 2.) All three defendants entered pleas of not guilty when they appeared before Magistrate Judge James D. Kirk on August 22, 2007, and they were released on personal recognizance. (Document No. 15.) This matter is fixed for a fourteen-day jury trial beginning October 12, 2010. (Document No. 104.)

> The specific language to which Defendants object is as follows:

> 4. Louisiana Revised Statutes Title 42, Section 1112(A), prohibits a Sheriff from participating in a transaction in which he has a personal substantial economic interest of which he may be reasonably expected to know involves the Sheriff's Office.

> 5. Louisiana Revised Statutes Title 42, Section 1112(B), prohibits a Sheriff from participating in a transaction involving the Sheriff's Office in which he knows any member of his immediate family has a personal substantial economic interest.

(Document 2, pp. 1 - 2.)

Defendants correctly set forth the standard that courts in the Fifth Circuit are to use in determining whether to strike language from an indictment:

> The inclusion of clearly unnecessary language in an indictment that could serve only to inflame the jury, confuse the issues, and blur the elements necessary for conviction under the separate counts involved surely can be prejudicial.

United States v. Bullock, 451 F.2d 884, 888 (5th Cir. 1971). Or, as the court in United States v. Graves, 5 F.3d 1546, 1550 (5th Cir. 1993) more succinctly stated: "For language to be struck from an indictment, it must be irrelevant, inflammatory, and prejudicial."

Defendants also correctly argue that in United States v. Brumley, 116 F.3d 728, 734 (5th Cir. 1997), the court stated, "a violation of state law that prohibits only appearances

of corruption will not alone support a violation of . . . [18 U.S.C. §]1346." We find the sentences preceding this statement to be instructive, as well. Specifically, the Fifth Circuit noted:

> A close look at . . . [the pre-McNally][1] cases uncovers two uncertainties regarding the draw by this federal statute [18 U.S.C. §1346] upon state law, specifically in defining the statutory element of honest services. First, must the services be owed under state law? Second, must the breach of a duty to provide services rooted in state law violate the criminal law of the state? We decide today that services must be owed under state law and that the government must prove in a federal prosecution that they were in fact not delivered. We do not reach the question of whether a breach of a duty to perform must violate the *criminal* law of the state. . . . Under the most natural reading of the statute, a federal prosecutor must prove that conduct of a state official breached a duty respecting the provision of services owed to the official's employer under state law. Stated directly, the official must act or fail to act contrary to the requirements of his job under state law. This means that if the official does all that is required under state law, alleging that the services were not otherwise done "honestly" does not charge a violation of the mail fraud statute. The statute contemplates that there must first be a breach of a state-owed duty.

Id. at 733-34. (Emphasis added.)[2]

Skilling, which only limits the parameters of what offenses (bribes and kickbacks) may be charged under § 1346, does not, of its terms, constrict the evidentiary method for proof of an offense. Under the "honest services" statute, the Government must prove the existence of a bribe or kickback and the violation of a fiduciary duty. The design of Brumley is that there must be *some* kind of underlying illegality which, in turn, represents a violation of a fiduciary duty by a public official. Brumley specifically

---

[1] McNally v. United States, 483 U.S. 350 (1987).

[2] Although the Brumley decision pre-dated the Supreme Court's recent explanatory opinion Skilling v. United States, 561 U.S. ___, 130 S.Ct. 2896 (2010), this Court has found no specific indication in Skilling that Brumley is obsolete. Indeed, it is footnoted in the Skilling opinion.

3

avoided the question of whether that underlying illegality must be criminal or only prohibited without criminal sanction. Under these circumstances, <u>Brumley</u> is still precedential for us. Thus, <u>Brumley's</u> requirements, being actually further limitations on the Government's evidence, are not subsumed by the <u>Skilling</u> rule.

Of course, here, we observe that the Government has also included in the indictment other state statutory provisions which are not merely violated by appearances of impropriety. They, in fact, are criminal in nature and withstand attack in any event. (La. R.S. 14:118 and 120.)

For the reasons set forth above, the Section 1112(A) and (B) references in the indictment are relevant to the charge and should not be removed. We reserve, however, final ruling on the admissibility of all possible evidence of ethical violations and will need to have an evidentiary hearing, which will be addressed by separate order.

Accordingly, Bill Belt's Motion to Strike Surplusage (Document No. 92), adopted by Tracy Belt (Document No. 96) is, at this time, DENIED.

SIGNED on this 28 day of September, 2010 at Alexandria, Louisiana.

DEE D. DRELL
UNITED STATES DISTRICT JUDGE