RECEIVED
IN ALEXANDRIA, LA

OCT - 1 2010

TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL NO. 07-10018 |
| -vs- | JUDGE DRELL |
| WILLIAM O. BELT (01), TRACY BRYANT BELT (02), and JULIE ANN BERNARD (03) | MAGISTRATE JUDGE KIRK |

## RULING AND ORDER

Before the Court is the "Motion to Dismiss Counts 1 Through 9 of the Indictment" filed by Tracy Bryant Belt ("Tracy Belt") (Document No. 121) and adopted by William O. Belt ("Bill Belt") (Document No. 126). The Government has filed its opposition to the motion (Document No. 127), and the Court finds there is no need for oral argument. For the reasons set forth herein, the motion will be DENIED.

### I. BACKGROUND

In the indictment filed August 1, 2007, Bill Belt, Tracy Belt, and Julie Ann Bernard ("Julie Bernard") are charged with one count of conspiracy in violation of 18 U.S.C. § 371 (Count 1). Bill and Tracy Belt are also charged with seven counts of "honest services" mail fraud under 18 U.S.C. §§ 1341 and 2 (Counts 2 - 9) and one count of criminal forfeiture in violation of 18 U.S.C. § 982(a)(2) (Count 12). Additionally, Julie Bernard is

charged with one count of making a false statement under 18 U.S.C. § 1001 (Count 10) and one count of obstruction of justice in violation of 18 U.S.C. § 1503 (Count 11). (Document No. 2.) All three defendants entered pleas of not guilty when they appeared before Magistrate Judge James D. Kirk on August 22, 2007, and they were released on personal recognizance. (Document No. 15.) This matter is fixed for a fourteen-day jury trial beginning October 12, 2010. (Document No. 104.)

The instant motion is filed under Fed. R. Crim. P. 12(b)(3) and seeks to dismiss the indictment as fatally defective.

## II. LAW AND ANALYSIS

Under Fed. R. Crim. P. 12(b), "[a] party may raise by pretrial motion any defense, objection, or request that the court can determine without a trial of the general issue." In U. S. v. Flores, 404 F.3d 320, 324 (5th Cir. 2005), the appellate court explained:

> In this circuit, "'[t]he propriety of granting a motion to dismiss an indictment under [Fed. R. Crim. P.] 12 by pretrial motion is by-and-large contingent upon whether the infirmity in the prosecution is essentially one of law or involves determinations of fact.'" United States v. Korn, 557 F.2d 1089, 1090 (5th Cir.1977) (quoting United States v. Miller, 491 F.2d 638, 647 (5th Cir.1974)). "If a question of law is involved, then consideration of the motion is generally proper." Id. (citing United States v. Jones, 542 F.2d 661, 664 (6th Cir.1976)).

Chief Judge King, writing for the Flores court, further noted,

> "'[A] district court may make preliminary findings of fact necessary to decide the questions of law presented by pre-trial motions so long as the court's findings on the motion do not invade the province of the ultimate finder of fact.'" United States v. Shortt Accountancy Corp., 785 F.2d 1448, 1452 (9th Cir.1986) (quoting United States v. Jones, 542 F.2d 661, 664 (6th Cir.1976)); United States v. Coia, 719 F.2d 1120, 1123 (11th Cir.1983).

Flores, 404 F.3d at 324, n. 6.

2

Fed. R. Crim. P. 12(b)(3)(B) requires that "a motion alleging a defect in the indictment" be filed prior to trial, but "a claim that the indictment . . . fails . . . to state an offense" may be filed at any time while the case is pending. The Fifth Circuit Court of Appeals noted in U. S. v. Kay, 359 F.3d 738, 742 (5th Cir. 2004)(internal citations and footnotes omitted):

> As a motion to dismiss an indictment for failure to state an offense is a challenge to the sufficiency of the indictment, we are required to "take the allegations of the indictment as true and to determine whether an offense has been stated."
>
> "[I]t is well settled that an indictment must set forth the offense with sufficient clarity and certainty to apprise the accused of the crime with which he is charged." The test for sufficiency is "not whether the indictment could have been framed in a more satisfactory manner, but whether it conforms to minimum constitutional standards"; namely, that it "[(1)] contain[ ] the elements of the offense charged and fairly inform[ ] a defendant of the charge against which he must defend, and [(2)], enable[ ] him to plead an acquittal or conviction in bar of future prosecutions for the same offense."

In ruling on prior a motion to dismiss filed by these same parties, the Court has found the indictment, which details an alleged kickback scheme, survives the clarification of 18 U.S.C. § 1346 recently enunciated by the Supreme Court in Skilling v. United States, 561 U.S. ___, 130 S.Ct. 2896 (2010). (Document No. 139.)

In the instant motion, Defendants argue the mailings in Counts 2 - 9 are not essential to the scheme. Again, Defendants are asking the Court to engage in *significant* pretrial fact-finding regarding the details surrounding the making and sending of the checks. This is simply not appropriate at this point in the proceedings.

Accordingly,

3

IT IS ORDERED that the "Motion to Dismiss Indictment" filed by Tracy Belt (Document No. 121) and adopted by Bill Belt (Document No. 126) is DENIED.

SIGNED on this 1st day of October, 2010 at Alexandria, Louisiana.

                                        Dee D. Drell
                                United States District Judge