RECEIVED
IN ALEXANDRIA, LA.

OCT 0 4 2010

TONY R. MOORE, CLERK
BY_____ DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

UNITED STATES OF AMERICA

-vs-

WILLIAM O. BELT (01),
TRACY BRYANT BELT (02), and
JULIE ANN BERNARD (03)

CRIMINAL NO. 07-10018

JUDGE DRELL

MAGISTRATE JUDGE KIRK

## RULING AND ORDER

Before the Court is another "Motion to Dismiss Counts 1 Through 9 of the Indictment" filed by Tracy Bryant Belt ("Tracy Belt") (Document No. 122).   The Government has filed its opposition to the motion (Document No. 127), and the Court finds there is no need for oral argument. For the reasons set forth herein, the motion will be DENIED.

## I. BACKGROUND

In the indictment filed August 1, 2007, Bill Belt, Tracy Belt, and Julie Ann Bernard ("Julie Bernard") are charged with one count of conspiracy in violation of 18 U.S.C. § 371 (Count 1). Bill and Tracy Belt are also charged with seven counts of "honest services" mail fraud under 18 U.S.C. §§ 1341 and 2 (Counts 2 - 9) and one count of criminal forfeiture in violation of 18 U.S.C. § 982(a)(2) (Count 12). Additionally, Julie Bernard is charged with one count of making a false statement under 18 U.S.C. § 1001 (Count 10) and one count of obstruction of justice in violation of 18 U.S.C. § 1503 (Count 11). (Document No. 2.) All three defendants entered pleas of not guilty when they appeared

before Magistrate Judge James D. Kirk on August 22, 2007, and they were released on personal recognizance.  (Document No. 15.)  This matter is fixed for a fourteen-day jury trial beginning October 12, 2010.  (Document No. 104.)

The instant motion is filed under Fed. R. Crim. P. 12(b)(3) and seeks to dismiss the indictment as fatally defective.

## II.  LAW AND ANALYSIS

Under Fed. R. Crim. P. 12(b), "[a] party may raise by pretrial motion any defense, objection, or request that the court can determine without a trial of the general issue."  In U. S. v. Flores, 404 F.3d 320, 324 (5th Cir. 2005), the appellate court explained:

> In this circuit, "'[t]he propriety of granting a motion to dismiss an indictment under [Fed. R. Crim. P.] 12 by pretrial motion is by-and-large contingent upon whether the infirmity in the prosecution is essentially one of law or involves determinations of fact.'" United States v. Korn, 557 F.2d 1089, 1090 (5th Cir.1977) (quoting United States v. Miller, 491 F.2d 638, 647 (5th Cir.1974)). "If a question of law is involved, then consideration of the motion is generally proper." Id. (citing United States v. Jones, 542 F.2d 661, 664 (6th Cir.1976)).

Chief Judge King, writing for the Flores court, further noted,

> "'[A] district court may make preliminary findings of fact necessary to decide the questions of law presented by pre-trial motions so long as the court's findings on the motion do not invade the province of the ultimate finder of fact.'" United States v. Shortt Accountancy Corp., 785 F.2d 1448, 1452 (9th Cir.1986) (quoting United States v. Jones, 542 F.2d 661, 664 (6th Cir.1976)); United States v. Coia, 719 F.2d 1120, 1123 (11th Cir.1983).

Flores, 404 F.3d at 324, n. 6.

Fed. R. Crim. P. 12(b)(3)(B) requires that "a motion alleging a defect in the indictment" be filed prior to trial, but "a claim that the indictment . . . fails . . . to state an offense" may be filed at any time while the case is pending.  The Fifth Circuit Court

of Appeals noted in U. S. v. Kay, 359 F.3d 738, 742 (5th Cir. 2004)(internal citations and

footnotes omitted):

> As a motion to dismiss an indictment for failure to state an offense is a challenge to the sufficiency of the indictment, we are required to "take the allegations of the indictment as true and to determine whether an offense has been stated."
>
> "[I]t is well settled that an indictment must set forth the offense with sufficient clarity and certainty to apprise the accused of the crime with which he is charged." The test for sufficiency is "not whether the indictment could have been framed in a more satisfactory manner, but whether it conforms to minimum constitutional standards"; namely, that it "[(1)] contain[ ] the elements of the offense charged and fairly inform[ ] a defendant of the charge against which he must defend, and [(2)], enable[ ] him to plead an acquittal or conviction in bar of future prosecutions for the same offense."

As noted in our ruling on a prior motion to dismiss, we have found the indictment,

which details an alleged kickback scheme, survives the clarification of 18 U.S.C. § 1346

recently enunciated by the Supreme Court in Skilling v. United States, 561 U.S. ____, 130

S.Ct. 2896 (2010).  (Document No. 139.)

In the instant motion, Tracy Belt first argues there is no indication in the

indictment or the discovery materials that she "had any authority to contract on behalf

of Avoyelles Parish or Cajun Callers. Consequently, Tracy Belt could not have caused the

mailings for which she has been charged." (Document No. 122-1, p. 1.) Examination of

this issue requires significantly more pretrial fact-finding than is contemplated by Fed.

R. Crim. P. 12(b)(3).

Additionally, as the Court of Appeals explained in United States v. Ingles, 445 F.3d

830, 835 (5th Cir. 2006),

> [18 U.S.C. § 1341] declares it a federal crime to use the mail in furtherance of a scheme to defraud. Each separate use of the mails to further a scheme to defraud is a separate offense. To sustain a mail fraud conviction, the government must prove (1) a scheme to defraud (2) which involves a use of the mails (3) for the purpose of executing the scheme. However, [t]he government need not prove that the accused used the mails himself or actually intended that the mail be used. The mail fraud statute requires only that the mailing caused by the defendant's actions be incident to an essential part of the scheme. One "causes" the mails to be used [w]here one does an act with knowledge that the use of the mails will follow in the ordinary course of business, or where such use can reasonably be foreseen. To show that a mailing is "incident to an essential part of the scheme," the government must demonstrate that completion of the alleged scheme depend[ed] in some way on the information or documents that passed through the mail.

(Internal quotations and citations omitted.)

The mail fraud statute does not require that a defendant, who, like Tracy Belt, is also charged as a principal under 18 U.S.C. § 2, have a contractual relationship of any kind before she can "cause" the mails to be used in violation of 18 U.S.C. § 1341. Consequently, at this stage in the proceedings, the indictment is not subject to dismissal on these grounds.

Next, Tracy Belt argues she had no fiduciary responsibilities toward the citizens of Avoyelles Parish, because she was not a public official. Therefore, she cannot be charged with "honest services" fraud under 18 U.S.C. § 1346. Again, the Court notes Tracy Belt is also charged as a principal under Counts 2 - 9 of the indictment, such that she may be held responsible if she "aids, abets, counsels, commands, induces or procures" the commission of the crime. See 18 U.S.C. § 2. Similarly, she is charged in Count 1 as a coconspirator.

> [A] party to a conspiracy may be held responsible for a substantive offense committed by a coconspirator in furtherance of a conspiracy even if the

4

party does not participate in or have any knowledge of the substantive offense.

United States v. Gonzales, 121 F.3d 928, 937 (5th Cir. 1997).  Thus, the indictment, as framed, sufficiently states an offense against Tracy Belt and withstands a challenge under Fed. R. Crim. P. 12(b)(3).

Accordingly,

IT IS ORDERED that the "Motion to Dismiss Counts 1 Through 9 of the Indictment" filed by Tracy Belt  (Document No. 122) is DENIED.


SIGNED on this 4th day of October, 2010, at Alexandria, Louisiana.


Dee D. Drell
United States District Judge