RECEIVED
OCT - 7 2010
TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA, LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL NO. 07-10018 |
| -vs- | JUDGE DRELL |
| WILLIAM O. BELT (01), TRACY BRYANT BELT (02), and JULIE ANN BERNARD (03) | MAGISTRATE JUDGE KIRK |

## RULING AND ORDER

Before the Court is a "Motion to Dismiss Indictment" filed by Julie Ann Bernard ("Julie Bernard") (Document No. 83). The Government has filed its opposition to the motion (Document No. 90). At the request of all counsel, the motion was submitted on briefs (Document No. 99). For the reasons set forth herein, the motion will be DENIED.

In the indictment filed August 1, 2007, Bill Belt, Tracy Belt, and Julie Ann Bernard ("Julie Bernard") are charged with one count of conspiracy in violation of 18 U.S.C. § 371 (Count 1). Bill and Tracy Belt are also charged with seven counts of "honest services" mail fraud under 18 U.S.C. §§ 1341 and 2 (Counts 2 - 9) and one count of criminal forfeiture in violation of 18 U.S.C. § 982(a)(2) (Count 12). Additionally, Julie Bernard is charged with one count of making a false statement under 18 U.S.C. § 1001 (Count 10) and one count of obstruction of justice in violation of 18 U.S.C. § 1503 (Count 11).

(Document No. 2.) All three defendants entered pleas of not guilty when they appeared before Magistrate Judge James D. Kirk on August 22, 2007, and they were released on personal recognizance. (Document No. 15.) This matter is fixed for a fourteen-day jury trial beginning October 12, 2010. (Document No. 104.)

The instant motion is filed pursuant to Fed. R. Crim. P. 12(b)(3) and seeks to dismiss the indictment as fatally defective.

Under Fed. R. Crim. P. 12(b), "[a] party may raise by pretrial motion any defense, objection, or request that the court can determine without a trial of the general issue."

In U. S. v. Flores, 404 F.3d 320, 324 (5th Cir. 2005), the appellate court explained:

> In this circuit, "'[t]he propriety of granting a motion to dismiss an indictment under [Fed. R. Crim. P.] 12 by pretrial motion is by-and-large contingent upon whether the infirmity in the prosecution is essentially one of law or involves determinations of fact.'" United States v. Korn, 557 F.2d 1089, 1090 (5th Cir.1977) (quoting United States v. Miller, 491 F.2d 638, 647 (5th Cir.1974)). "If a question of law is involved, then consideration of the motion is generally proper." Id. (citing United States v. Jones, 542 F.2d 661, 664 (6th Cir.1976)).

Chief Judge King, writing for the Flores court, further noted,

> "'[A] district court may make preliminary findings of fact necessary to decide the questions of law presented by pre-trial motions so long as the court's findings on the motion do not invade the province of the ultimate finder of fact.'" United States v. Shortt Accountancy Corp., 785 F.2d 1448, 1452 (9th Cir.1986) (quoting United States v. Jones, 542 F.2d 661, 664 (6th Cir.1976)); United States v. Coia, 719 F.2d 1120, 1123 (11th Cir.1983).

Flores, 404 F.3d at 324, n. 6.

Fed. R. Crim. P. 12(b)(3)(B) requires that "a motion alleging a defect in the indictment" be filed prior to trial, but "a claim that the indictment . . . fails . . . to state an offense" may be filed at any time while the case is pending. The Fifth Circuit Court

2

of Appeals noted in U. S. v. Kay, 359 F.3d 738, 742 (5th Cir. 2004)(internal citations and footnotes omitted):

> As a motion to dismiss an indictment for failure to state an offense is a challenge to the sufficiency of the indictment, we are required to "take the allegations of the indictment as true and to determine whether an offense has been stated."
>
> "[I]t is well settled that an indictment must set forth the offense with sufficient clarity and certainty to apprise the accused of the crime with which he is charged." The test for sufficiency is "not whether the indictment could have been framed in a more satisfactory manner, but whether it conforms to minimum constitutional standards"; namely, that it "[(1)] contain[ ] the elements of the offense charged and fairly inform[ ] a defendant of the charge against which he must defend, and [(2)], enable[ ] him to plead an acquittal or conviction in bar of future prosecutions for the same offense."

Julie Bernard's motion is bootstrapped off a motion to dismiss the indictment previously filed by Bill Belt (Document No. 81) and adopted by Tracy Belt (Document No. 86), which motion we denied (Document No. 139). Julie Bernard first argues:

> Counts Six through Nine are predicated on an alleged violation of the State Ethics Code. It is apparently the Government's position that such a violation is a sufficient basis for an honest services fraud prosecution.

(Document No. 83, p. 3.)

The instant motion, which was filed before the Supreme Court clarified the meaning of "honest services" under 18 U.S.C. § 1346 in Skilling v. United States, 561 U.S. ___, 130 S.Ct. 2896 (2010), only observes half of the situation and suggests that violation of the Code of Government Ethics, *per se*, cannot be a basis for an honest services prosecution. In view of our prior observations regarding the Belts' motion to dismiss (Document No. 139) and the motion to strike surplusage (Document No. 144), Julie

3

Bernard's motion must be denied. To repeat: the <u>extent</u> of admissible evidence may be an issue to be determined, but dismissal of the indictment is not appropriate.

Julie Bernard likewise argues that Counts Two through Five are barred by the statute of limitations. This suggestion may or may not be correct, but it cannot be determined at this time. Evidence at trial may or may not reflect a connection between the mailings, their timing, and the conspiracy. It is inappropriate for us to engage at this time in an evaluation of possible evidence (and an evaluation of credibility, at that). Again, there are no criminal motions for summary judgment. See <u>Flores</u>, 404 F.3d at 324 (holding that an indictment may only be dismissed based on the resolution of a legal issue in the presence of undisputed facts).

For these reasons,

IT IS ORDERED that the "Motion to Dismiss Indictment" filed by Julie Bernard (Document No. 83) is DENIED.

SIGNED on this 7th day of October, 2010 at Alexandria, Louisiana.

DEE D. DRELL
UNITED STATES DISTRICT JUDGE