RECEIVED
IN ALEXANDRIA, LA

OCT - 8 2010

TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA

**UNITED STATES DISTRICT COURT**

**WESTERN DISTRICT OF LOUISIANA**

**ALEXANDRIA DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CRIMINAL NO. 1:07-10018** |
| **-vs-** | **JUDGE DRELL** |
| **WILLIAM O. BELT (01),** **TRACY BRYANT BELT (02), and** **JULIE ANN BERNARD (03)** | **MAGISTRATE JUDGE KIRK** |

## RULING AND ORDER

Before the Court is the "Motion *in Limine* to Prohibit Mention or Evidence of Ethical Duties, Ethical Violations or Undisclosed Conflict of Interest" filed by Tracy Bryant Belt ("Tracy Belt") (Document No. 154) and adopted by William O. Belt ("Bill Belt") (Document No. 175). An evidentiary hearing on the motion was held on October 8, 2010.

First, Tracy Belt and Bill Belt urge that we reconsider our Ruling and Order (Document No. 144) on the "Motion to Strike Surplusage" filed by Bill Belt and adopted by Tracy Belt. In that motion, Defendants argue that the references to Louisiana law in the indictment must be stricken because of the limitations on "honest services" prosecutions under Skilling v. United States, 561 U.S. ___, 130 S.Ct. 2896 (2010). They also contend that we must likewise block the introduction of proposed Government Exhibits 16 through 18, which are demonstrative that on previous occasions, Bill Belt sought opinions from the Louisiana Ethics Commission on other possible endeavors.

These are two separate issues but, as with most of the motions recently filed, they present some novel issues regarding the relatively uncharted waters of post-Skilling applicability.

In denying the earlier motion to strike surplusage, we explained :

Skilling, which only limits the parameters of what offenses (bribes and kickbacks) may be charged under § 1346, does not, of its terms, constrict the evidentiary method for proof of an offense. Under the "honest services" statute, the Government must prove the existence of a bribe or kickback and the violation of a fiduciary duty. The design of [United States v.] Brumley [, 116 F.3d 728 (5th Cir. 1997)] is that there must be *some* kind of underlying illegality which, in turn, represents a violation of a fiduciary duty by a public official. Brumley specifically avoided the question of whether that underlying illegality must be criminal or only prohibited without criminal sanction.

(Document No. 144, pp. 3-4.)

Defendants take the position that the references to the criminal and civil state law in the indictment turn this case into an undisclosed self-dealing prosecution, violative of Skilling. However, it is our opinion they do not. The prosecution, as clearly stated in the indictment, is for taking kickbacks. The state law references are, however, descriptive of the means by which the alleged kickback conspiracy took place. The Government is not required to shave down its indictment to the barest of bones. The inclusion of these statutes in the indictment tends to explain the underlying scheme covered by the conspiracy. Therefore, they are not surplusage in the sense that they mean nothing at all. The Government is entitled to charge what it believes it can prove, but the actual elements of proof necessary to obtain a conviction are matters for instruction from the Court.

2

The inclusion of references to Louisiana law in the indictment signals only the kind of evidence that will be presented in the case, as to the general nature of the conspiracy.   Such allegations are not at all inappropriate in an indictment for a prosecution this complex.  The mere fact that the Government has charged an offense through certain conduct does not make the language of the indictment inflammatory. The jury will be instructed that the indictment is merely a charge and is not evidence of guilt in any way. This jury, as all juries, will have to follow the actual evidence in the case and the law as provided by the Court.

The references to the Louisiana ethics statutes in the indictment are, therefore, proper, and the motion to reconsider must be DENIED.

As to the second issue, introduction of proposed Government Exhibits 16 through 18, at this juncture we cannot say that they are probative of much. They do show that on previous occasions, Bill Belt did seek opinions on other endeavors. The Government wants us to allow the evidence limited to its probative proof of knowledge by Bill Belt that an ethics opinion process existed. Because that process is a matter of law, and because the Government would be entitled to an instruction that no person is above the law and has notice of all laws, whether they claim knowledge or not, it is clear that the Government can make the point without this evidence. It is our ruling that these documents contain the danger that their prejudice to the Defendants outweighs their probative value. See Fed. R. Evid. 403.  They will not be allowed in the Government's case in chief, unless some waiver or other opening of an evidentiary door occurs during the trial testimony. Obviously, as well, they may be admissible as impeachment

3

evidence, but that is an issue for another day. Further, we note that proposed Government Exhibit 16 is a multi-page document containing far more than just proof of knowledge. It includes many obviously hearsay documents, such as newspaper articles, processing by the ethics board, and disposition evidence. Even if we were to allow proof of knowledge by this collateral reference in the trial, the exhibit would require substantial redaction.

For these reasons, the "Motion *in Limine* to Prohibit Mention or Evidence of Ethical Duties, Ethical Violations or Undisclosed Conflict of Interest" filed by Tracy Belt (Document No. 154) and adopted by Bill Belt (Document No. 175) is DENIED IN PART AND GRANTED IN PART.

SIGNED on this 8ᵗʰ day of October, 2010 at Alexandria, Louisiana.

DEE D. DRELL
UNITED STATES DISTRICT JUDGE