RECEIVED
OCT -8 2010
TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA, LOUISIANA

**UNITED STATES DISTRICT COURT**

**WESTERN DISTRICT OF LOUISIANA**

**ALEXANDRIA DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CRIMINAL NO. 1:07-10018** |
| -vs- | **JUDGE DRELL** |
| **WILLIAM O. BELT (01),** <br> **TRACY BRYANT BELT (02), and** <br> **JULIE ANN BERNARD (03)** | **MAGISTRATE JUDGE KIRK** |

## RULING AND ORDER

Before the Court is the "Motion *in Limine* to Prohibit Introduction of the Prior Testimony of Michael Johnson and Corresponding Legal Opinion" filed by Tracy Bryant Belt ("Tracy Belt") (Document No. 151) and adopted by William O. Belt ("Bill Belt") (Document No. 177). The Government has filed a written opposition to the motion (Document No. 165), and oral argument was held on October 8, 2010.

Specifically, Defendants seek "to exclude mention or evidence of the testimony of Michael Johnson, taken on October 16, 1995, and the corresponding legal opinion rendered by the Louisiana Supreme Court." (Document No. 151.) Regarding the testimony of Michael Johnson, who is now deceased, which testimony was taken as part of an investigation by The Judiciary Commission of Louisiana, Defendants argue the statement contains inadmissible hearsay and runs afoul of the Confrontation Clause as set forth in Crawford v. Washington, 541 U.S. 36, 124 S.Ct. 1354 (2004). Defendants

further contend presentation of the evidence to the jury would be unfairly prejudicial under Fed. R. Evid. 403.

The Government, on the other hand, takes the position the testimony is not hearsay, because it is not introduced to show the truth of the statements therein. Rather, it is introduced, "to show that [Johnson's] testimony was designed to conceal the involvement of Sheriff Belt in Cajun Callers." (Document No. 165.) As such, the Government argues the statement is admissible as a co-conspirator's statement made in furtherance of the conspiracy in accordance with Fed. R. Evid. 801(d)(2)(E) and United States v. Holmes, 406 F.3d 337, 349-50 (5th Cir. 2005).

First, we note, "'[h]earsay' is a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." Fed. R. Evid. 801(c). In this case, because Mr. Johnson has died, the Confrontation Clause of the United States Constitution is also implicated. The law is clear that, "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to be confronted with the witnesses against him." U. S. Const. Art. VI. Out-of-court statements by a witness that are testimonial are barred, under the Confrontation Clause, unless the witness is unavailable and defendants had a prior opportunity to cross-examine the witness. Crawford v. Washington, 541 U.S. 36 (2004). "The [Confrontation] Clause ... does not bar the use of testimonial statements for purposes other than establishing the truth of the matter asserted." See Id. at 1369 n. 9.

It appears from the partial excerpts furnished to the Court that, as represented by the Government, Mr. Johnson's prior recorded testimony may be admissible as

2

statements of a co-conspirator made in furtherance of the conspiracy. We understand the Government intends to show the statements given to The Judiciary Commission of Louisiana may be false. We cannot, however, determine whether the statements are indeed false until we hear the underlying evidence regarding what the Government contends is actually the truth. Additionally, the Government will need to establish a connection between the evidence of truth and Mr. Johnson's testimony before The Judiciary Commission.

Under these circumstances, a decision of the admissibility of the October 16, 1995 prior recorded statement of Mike Johnson must be and is DEFERRED.

Turning now to the opinion of the Louisiana Supreme Court dated November 25, 1996, we may be willing to find a redacted portion of the opinion is relevant and admissible, for the limited purpose of showing that Mr. Johnson's removal from the bench was at least in substantial part facilitated by his role in the Cajun Callers scheme. That redacted portion would be as follows: (1) only the two paragraphs beneath the words "PER CURIAM" on page 1197; the material in the text of the opinion constituting headnote four on page 1200; and the sentence on page 1201, which reads, "It is for this reason that we impose the most severe sanction, removal from office." The remainder of the opinion contains surplusage, logic, and reasoning, which could well be considered seriously inflammatory and which would otherwise be inadmissible under Fed. R. Evid. 403. However, admissibility of even this redacted portion of the opinion may well hinge on the actual admission of Mr. Johnson's prior recorded testimony.

3

Therefore, a decision on the admissibility of the Louisiana Supreme Court opinion, as redacted above, must also be DEFERRED.

For these reasons, the "Motion *in Limine* to Prohibit Introduction of the Prior Testimony of Michael Johnson and Corresponding Legal Opinion" filed by Tracy Belt (Document No. 151) and adopted by Bill Belt (Document No. 177) is DEFERRED TO TRIAL.

SIGNED on this 8th day of October, 2010 at Alexandria, Louisiana.

DEE D. DRELL
UNITED STATES DISTRICT JUDGE

4